United States District Court
Middle District of Florida
Orlando Division

**KRYSTINA ANTONIA CALLARI,**

   *Plaintiff,*

v.                                                                                              NO. 6:21-cv-1932-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

# Order

Krystina Callari's lawyer, Richard Culbertson, requests **$22,700.52** as an attorney's fee from Callari's past-due benefits and her dependent's past-due auxiliary benefits. Doc. 32. The Commissioner takes no position. Doc. 33.

## Background

Callari applied for disability-insurance benefits. Tr. 232–35. An Administrative Law Judge found her not disabled, Tr. 10–24, and the Appeals Council denied her request for review, Tr. 1–3. She and Culbertson entered into a contingent-fee agreement under which Culbertson agreed to represent her, and Callari agreed to pay Culbertson 25 percent of any past-due benefits, minus any attorney's fee paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 32-1.

Culbertson filed a complaint, Doc. 1, and the Commissioner filed a 604-page administrative record, Doc. 18. Culbertson filed an 8-page brief arguing why the Commissioner was wrong. Doc. 23. In response, the

Commissioner moved to reverse the agency decision and remand the case. Doc. 26. The Court granted the motion, reversed the agency decision, and remanded the case for further agency proceedings. Doc. 27. The Court later granted Callari's EAJA request for $2,465.98 as an attorney's fee based on 10.9 hours of work. Doc. 30.

On remand, the agency awarded Callari and her dependent a total of $100,666.00 in past-due benefits and withheld as an attorney's fee 25 percent of Callari's past-due benefits ($16,780.75) and $7,200 of her dependent's past-due benefits. Doc. 32-2 at 2; Doc. 32-3 at 2. The notice of award for her dependent's past-due benefits states the agency should have withheld $8,385.75 for an attorney's fee. Doc. 32-3 at 2. The agency issued notices on January 19, 2025, and March 10, 2025. Doc. 32-2 at 1; Doc. 32-3 at 1. The current request followed. Doc. 32.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award

2

unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the

3

reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Culbertson requests a fee of **$22,700.52** by deducting the EAJA fee ($2,465.98) from 25 percent of past-due benefits ($25,166.50). Doc. 32 at 2 & n.1. To establish that the requested fee is reasonable for the services rendered, he provides the following information. He limits his practice almost exclusively to representing disabled people. Doc. 32 at 6. He and his associate, Sarah Jacobs, spent at least 10.9 hours representing Callari in this action. Doc. 32 at 2. That time excludes time not billable under the EAJA and time spent representing Callari before the agency. Doc. 32 at 2. The requested fee does not exceed 25 percent of past-due benefits. Doc. 32 at 3. There is no allegation that he caused any subpar representation or delay. Doc. 32 at 5. He contends that, as a result of his work, (presumably meaning Jacobs's work, considering that Jacobs performed 9.7 hours of work, while Culbertson performed only 1.2 hours of work, *see* Doc. 29 at 10–11), Callari receives ongoing social-security-disability benefits and Medicare and received a "substantial sum" of retroactive benefits. Doc. 32 at 6.

For the reasons provided and the Court's own knowledge of Culbertson's and Jacobs's expertise in social-security law, the requested fee is reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is

4

in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award and that Callari's success may be attributed to Culbertson's and Jacobs's skills and experience, "reap[ing] the benefit of [the] work" is appropriate. *See Jeter*, 622 F.3d at 381 (quoted). Because Culbertson asks to deduct the amount of the EAJA award from his § 406(b) request, no amount must be refunded to Callari.

## Conclusion

The Court:

1. **grants** the request, Doc. 32; and

2. **authorizes** Culbertson to charge Callari **$22,700.52** from past-due benefits for the successful representation of Callari.

**Ordered** in Jacksonville, Florida, on June 18, 2025.



/s/ Patricia D. Barksdale
United States Magistrate Judge